UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

FERNANDO SALAS VALDEZ and,
CHRISTIAN CALLE, on behalf of themselves,
and other similarly situated employees,

                     Plaintiffs,

   -against-

NY FANCY NATURAL FOODS, INC., dba
FANCY SPECIALTY FOODS, INC., and
SEUK KUN CHANG,

                     Defendants.

Case No.: 16 Civ. 4030

**FLSA COMPLAINT**

ECF CASE

---

Plaintiffs, Fernando Salas Valdez and Christian Calle ("Plaintiffs"), on behalf of themselves, and other similarly situated employees, by and through their undersigned attorneys, Cilenti & Cooper, PLLC, file this Complaint against Defendants, NY Fancy Natural Foods, Inc., dba Fancy Specialty Foods, located at 154 Morgan Avenue, Brooklyn, New York 11237 (herein, "Fancy Specialty Foods"), and Seuk Kun Chang, individually (collectively referred to herein as the "Defendants"), and state as follows:

### INTRODUCTION

1. Plaintiffs allege that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), they are entitled to recover from the Defendants: (1) unpaid wages; (2) unpaid overtime compensation; (3) liquidated damages; (4) prejudgment and post-judgment interest; and, (5) attorneys' fees and costs.

2. Plaintiffs further allege that, pursuant to the New York Labor Law, they are entitled to recover from the Defendants: (1) unpaid wages; (2) unpaid overtime compensation; (3) unpaid spread of hours premiums pursuant to the New York Labor Law; (4) liquidated

damages and statutory penalties pursuant to the New York Wage Theft Prevention Act; (5) pre-judgment and post-judgment interest; and, (6) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Eastern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5. Plaintiffs are adult residents of Queens County in New York City.

6. Defendant, NY Fancy Natural Foods, Inc. dba Fancy Specialty Foods, is a domestic corporation, organized and existing under the laws of the State of New York, with a principal place of business located at 154 Morgan Avenue, Brooklyn, New York 11237.

7. Upon information and belief, Defendant, Seuk Kun Chang, is an owner, officer, director and/or managing agent of Fancy Specialty Foods, whose address is unknown at this time and who participated and continues to participate in the day-to-day operations of Fancy Specialty Foods and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with Fancy Specialty Foods.

8. Plaintiff Fernando Salas Valdez was and remains employed by the Defendants, in Kings County, New York, as a stock person and general helper, for Defendants' natural food wholesale business, from approximately 2009 through the present.

9. Plaintiff Christian Calle was employed by the Defendants, in Kings County, New York, as a stock person and general helper, for Defendants' natural food wholesale business, from approximately May 2013 through June 2014; September 2014 through July 2015; and January 2016 through mid-April 2016.

10. At all relevant times, Fancy Specialty Foods was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

11. At all relevant times, the work performed by Plaintiffs was directly essential to the business operated by Fancy Specialty Foods.

12. At all relevant times, the Defendants knowingly and willfully failed to pay Plaintiffs lawfully wages, and overtime compensation, in contravention of the FLSA and New York Labor Law.

13. Under federal and state law it is the employers' responsibility to keep true and accurate records of employees' hours and wages.

14. Defendants failed to provide wage statements and required plaintiff Fernando Salas Valdez to sign a false document which grossly understates his hours, on a weekly basis.

15. At all relevant times, upon information and belief, and during the course of Plaintiff's employment, the Defendants failed to maintain accurate and sufficient time and pay records.

16. Defendants kept inadequate and inaccurate records of hours worked and compensation paid to Plaintiffs and other similarly situated employees and as such Plaintiffs and other similarly situated employees may carry their burden of proof as to hours worked based upon their recollection.

17. Defendants never provided any written notice or receipt to plaintiffs and payroll records kept by defendants are believed to be incomplete and false.

18. Defendant, Seuk Kun Chang, is an individual who, upon information and belief, owns the stock of Fancy Specialty Foods, owns Fancy Specialty Foods, and manages and makes all business decisions, including but not limited to, the decisions of what salary the employees will receive and the number of hours the employees will work.

## STATEMENT OF FACTS

### a. Fernando Salas Valdez

19. In or about 2008, Plaintiff, Fernando Salas Valdez, was hired by the Defendants to work as a stock person and general helper at Defendants' store known as "Fancy Specialty Foods", located at 154 Morgan Avenue, Brooklyn, New York.

20. Plaintiff Fernando Salas Valdez has continued to work for the Defendants in such capacity through the present.

21. During Fernando Salas Valdez' employment by Defendants, he generally worked and continues to work over forty (40) hours per week.

22. Plaintiff Fernando Salas Valdez normally worked approximately fifty-five (55) hours each week. His normal schedule was 7:30 a.m. through 6:30 p.m., five (5) days per week.

23. Plaintiff Fernando Salas Valdez was not paid proper overtime wages. Plaintiff was paid a salary which ranged from $350.00 per week when he commenced employment, and increased periodically. In 2010, Plaintiff Fernando Salas Valdez was earning approximately $520.00 per week; presently he is earning $590.00 per week. Work performed above forty (40) hours per week was not paid at time and a half his regular hourly rate of pay, as required by state and federal law.

24. At all relevant times, the Defendants knowingly and willfully operated their business with a policy of not paying the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half) to Plaintiff Fernando Salas Valdez for work performed over forty (40) hours in a workweek.

25. Plaintiff Fernando Salas Valdez was paid entirely in cash and not provided with a wage statement or any other documentation of his weekly hours, hourly rate, any deductions, and compensation.

26. Plaintiff started punching a clock in or around 2015; upon information and belief, defendants paid Plaintiff Fernando Salas Valdez for less hours than he actually worked.

27. Defendants never provided any written notice or receipt to plaintiffs and payroll records kept by defendants are believed to be incomplete and false.

### b. Christian Calle

28. In or about May 2013, Plaintiff, Christian Calle, was hired by the Defendants to work as a stock person and general helper at Defendants' store known as "Fancy Specialty Foods", located at 154 Morgan Avenue, Brooklyn, New York.

29. Plaintiff Christian Calle continued to work for the Defendants in such capacity until on or about June 2014; he returned in September 2014 and worked continuously through July 2015; and he returned a third time in January 2016, through mid-April 2016.

30. During Christian Calle employment by Defendants, he worked over forty (40) hours per week.

31. Plaintiff Christian Calle worked approximately sixty-four (64) to fifty-five (55) hours each week. He worked eleven (11) hours per day, five (5) days per week.

32. Plaintiff Christian Calle was not paid proper overtime wages. Plaintiff was paid a fixed salary which ranged between $360.00 per week in 2013 and 2014; $400.00 per week in 2014; $450.00 per week in 2015 and 2016. Work performed above forty (40) hours per week was not paid at time and a half his regular hourly wage, as required by state and federal law.

33. At all relevant times, the Defendants knowingly and willfully operated their business with a policy of not paying the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half) to Plaintiff Christian Calle for work performed over forty (40) hours in a workweek.

34. Plaintiff Christian Calle was paid entirely in cash and not provided with a wage statement or any other documentation of his weekly hours, hourly rate, any deductions, and compensation.

35. Plaintiff started to punch a time clock in 2015; upon information and belief, defendants paid Plaintiff Christian Calle for less hours than he actually worked.

## STATEMENT OF CLAIM
### COUNT I
**[Violation of the Fair Labor Standards Act]**

36. Plaintiffs re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "35" of this Complaint as if fully set forth herein.

37. At all relevant times, upon information and belief, the Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). At all relevant times, the Defendants employed Plaintiffs within the meaning of the FLSA.

38. Upon information and belief, at all relevant times, the Defendants had gross revenues in excess of $500,000.

39. Plaintiffs were entitled to be paid for all hours worked and at the rate of time and one-half their regular rate of pay for hours worked in excess of forty (40) each week.

40. At all relevant times, the Defendants had a policy and practice of refusing to pay wages for all hours worked, and overtime compensation at the statutory rate of time and one-half to Plaintiffs.

41. Defendants failed to pay Plaintiffs overtime compensation in the lawful amount for hours worked in excess of the maximum hours provided for in the FLSA.

42. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs for their lawful wages, and overtime compensation, for hours worked when they knew or should have known such was due.

43. Defendants failed to make, keep, and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215 (a).

44. Records, if any, concerning the number of hours worked by Plaintiffs and the actual compensation paid to Plaintiffs which may be in the possession and custody of the Defendants may be false as Plaintiffs were not given a weekly statement of their hours and wages and were required to sign a false document.

45. Defendants failed to properly disclose or apprise Plaintiffs of their rights under the FLSA.

46. As a direct and proximate result of the Defendant's willful disregard of the FLSA, Plaintiffs are entitled to liquidated damages pursuant to the FLSA.

47. Due to the intentional, willful and unlawful acts of the Defendants, Plaintiffs suffered damages in an amount not presently ascertainable of unpaid wages, minimum wages, and overtime compensation, plus an equal amount as liquidated damages, and prejudgment interest thereon.

48. Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

49. As a direct and proximate result of Defendants' disregard of the FLSA, Plaintiffs are entitled to liquidated damages pursuant to the FLSA.

## COUNT II
### [Violation of the New York Labor Law]

50. Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "49" of this Complaint as if fully set forth herein.

51. At all relevant times, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

52. Defendants willfully violated Plaintiffs' rights by failing to pay Plaintiffs wages for all hours worked; and overtime wages in the lawful amount for hours worked in excess of forty (40) hours per workweek.

53. Defendants knowingly and willfully violated Plaintiffs' rights by failing to pay "spread of hours" premiums to Plaintiffs for each day he worked ten (10) or more hours pursuant to New York State Department of Labor Regulations § 142-2.4.

54. Due to the Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from the Defendants their unpaid wages; minimum wages; overtime wages; unpaid "spread of hours" premiums; reasonable attorneys' fees, and costs and disbursements of this

action, pursuant to New York Labor Law § 663(1), *et al.*, and § 198. Plaintiffs also seek liquidated damages pursuant to New York Labor Law § 663(1).

## COUNT III
**[Statutory Penalties Pursuant to the New York State Wage Theft Prevention Act]**

55. Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "54" of this Complaint as if fully set forth herein.

56. The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, among other things, of the employee's rate of pay and regular pay day.

57. The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, with every payment of wages, of the dates of work covered, the rate of pay and basis thereof, hours worked, gross wages, deductions, allowances, and net wages.

58. Defendants did not provide Plaintiffs, with a written statement properly accounting for their actual hours worked, and setting forth his hourly rate of pay, regular wage, and/or overtime wages.

59. Upon information and belief, Defendants' record keeping practices were intended to, and did in fact, disguise the actual number of hours the employees worked, in order to avoid paying them for their full hours worked; and, overtime due.

60. Defendants willfully disregarded and purposefully evaded record keeping requirements of the New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

61. Plaintiffs were not provided with true and accurate weekly wage statements as required by law.

62. Defendants failed to comply with the notice and record keeping requirements of the New York State Wage Theft Prevention Act, and as such, are liable for civil penalties, attorneys' fees, and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, Fernando Salas Valdez and Christian Calle respectfully request that this Court grant the following relief:

(a) An award of unpaid wages, and overtime compensation due under the FLSA and New York Labor Law;

(b) An award of liquidated as a result of the Defendants' willful failure to pay overtime wages pursuant to 29 U.S.C. § 216;

(c) An award of liquidated damages and statutory penalties as a result of the Defendants' willful failure to pay wages pursuant to the New York Labor Law;

(d) An award of penalties for failing to comply with the annual and weekly notice requirements of the New York State Wage Theft Prevention Act;

(e) An award of prejudgment and post-judgment interest;

(f) An award of costs and expenses of this action together with reasonable attorneys' fees; and,

(g) Such other and further relief as this Court deems just and proper.

Dated: New York, New York
July 20, 2016

Respectfully submitted,

CILENTI & COOPER, PLLC
**Attorneys for Plaintiffs**
708 Third Avenue – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102
pcooper@jcpelaw.com

By: _____
Peter H. Cooper (PHC 4714)

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, _Fernando Salas_, am an employee currently or formerly employed by _Fancy Specialty Foods_, and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
_July 8_, 2016

_[signature]_

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, _Cristian Calle_, am an employee currently or formerly employed by _Fancy Specialty Foods_, and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
_July 8_, 2016

_/s/ Cristian Calle_